**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| AML IP LLC,<br>    Plaintiff,<br><br>v.<br><br>HALLMARK CARDS, INC.;<br>HALLMARK LICENSING, LLC;<br>and AMY'S HALLMARK,<br>    Defendants. | Civil Action No. 6:22-cv-00214<br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff AML IP LLC ("AML") files this Original Complaint and demand for jury trial seeking relief from patent infringement of the claims of 6,876,979 ("the '979 patent") (referred to as the "Patent-in-Suit") by Hallmark Cards, Inc., Hallmark Licensing, LLC, and Amy's Hallmwark Shop, (collectively, "Defendants" or "Hallmark").

**I.   THE PARTIES**

1.  AML IP LLC is a Texas limited liability corporation with its principal place of business located in Austin, Texas.

2.  On information and belief, Defendant Hallmark Cards, Inc. is a company organized and existing under the laws of Delaware, having its principal place of business at 2501 McGee Street, Kansas City, MO 64108-2615.  Hallmark Cards, Inc. can be served through its registered agent CT Corporation Systems, 120120 South Central Avenue, #400, St. Louis, MO 63105 or anywhere they may be found    .

3. On information and belief, Hallmark Licensing, LLC. is a limited liability company organized and existing under the laws of Missouri, having its principal place of business at 2501 McGee Street, Kansas City, MO 64108-2615.  Hallmark Licensing, LLC can be served at its place of business or anywhere else it may be found.

4. On information and belief, Amy's Hallmark Shop is a company organized and existing under the laws of Texas, having a regular and established place of business located at 1001 W. 15th Street, Plano, Texas 75075.  Amy's Hallmark Shop can be served at its place of business or anywhere ese it may be found.

5. Defendants have a regular and established place of business located at 1001 W. 15th Street, Plano, Texas 75075.  On information and belief, Defendants sell and offer to sell products and services throughout Texas, including in this judicial district, and introduces products and services that perform infringing methods or processes into the stream of commerce knowing that they would be sold in Texas and this judicial district.

## II.  JURISDICTION AND VENUE

6. This Court has original subject-matter jurisdiction over the entire action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiff's claim arises under an Act of Congress relating to patents, namely, 35 U.S.C. § 271.

7. This Court has personal jurisdiction over Defendants because: (i) Defendants are present within or has minimum contacts within the State of Texas and this judicial district; (ii) Defendants have purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; and (iii) Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas and in this judicial district.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b). Defendants have committed acts of infringement and has a regular and established place of business in this District. Further, venue is proper because Defendants conduct substantial business in this forum, directly or through intermediaries, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct and/or deriving substantial revenue from goods and services provided to individuals in Texas and this District.

### III. INFRINGEMENT

#### A. Infringement of the '979 Patent

9. On April 5, 2005, U.S. Patent No. 6,876,979 ("the '979 patent", included as an attachment) entitled "Electronic Commerce Bridge System" was duly and legally issued by the U.S. Patent and Trademark Office. Plaintiff owns the '979 patent by assignment.

10. The '979 patent relates to novel and improved methods and apparatuses for conducting electronic commerce.

11. Defendants maintain, operate, and administer payment products and services that facilitate purchases from a user using a bridge computer that infringes one or more of claims 1-13 of the '979 patent, literally or under the doctrine of equivalents. Defendants put the inventions claimed by the '979 patent into service (i.e., used them); but for Defendants' actions, the claimed-inventions embodiments involving Defendants' products and services would never have been put into service. Defendants' acts complained of herein caused those claimed-invention embodiments as a whole to perform, and Defendant's procurement of monetary and commercial benefit from it.

12. Support for the allegations of infringement may be found in the following exemplary table included as Exhibit A. These allegations of infringement are preliminary and are therefore subject to change.

13. Defendants have and continue to induce infringement. Defendants have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continues to do so, on how to use its products and services (e.g., methods for supporting multi-party collaboration over a computer network) such as to cause infringement of one or more of claims 1-13 of the '979 patent, literally or under the doctrine of equivalents. Moreover, Defendants have known of the '979 patent and the technology underlying it from at least the filing date of the lawsuit.[1] For clarity, direct infringement is previously alleged in this complaint.

14. Defendants have and continue to contributorily infringe. Defendants have actively encouraged or instructed others (e.g., its customers and/or the customers of its related companies), and continue to do so, on how to use its products and services (e.g., methods for supporting multi-party collaboration over a computer network) and related services such as to cause infringement of one or more of claims 1-13 of the '979 patent, literally or under the doctrine of equivalents. Further, there are no substantial noninfringing uses for Defendants' products and services. Moreover, Defendants have known of the '979 patent and the technology underlying it from at least the filing date of the lawsuit.[2] For clarity, direct infringement is previously alleged in this complaint.

15. Defendant has caused and will continue to cause Plaintiff damage by direct and indirect infringement of (including inducing infringement of) the claims of the '979 patent.

---

[1] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.
[2] Plaintiff reserves the right to amend if discovery reveals an earlier date of knowledge.

### IV.    JURY DEMAND

Plaintiff hereby requests a trial by jury on issues so triable by right.

### V.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a.    enter judgment that Defendants have infringed the claims of the '979 patent;

b.    award Plaintiff damages in an amount sufficient to compensate it for Defendants' infringement, in an amount no less than a reasonable royalty or lost profits, together with pre-judgment and post-judgment interest and costs under 35 U.S.C. § 284;

c.    award Plaintiff an accounting for acts of infringement not presented at trial and an award by the Court of additional damage for any such acts of infringement;

d.    declare this case to be "exceptional" under 35 U.S.C. § 285 and award Plaintiff its attorneys' fees, expenses, and costs incurred in this action;

e.    declare Defendants' infringement to be willful and treble the damages, including attorneys' fees, expenses, and costs incurred in this action and an increase in the damage award pursuant to 35 U.S.C. § 284;

f.    a decree addressing future infringement that either (i) awards a permanent injunction enjoining Defendants and their agents, servants, employees, affiliates, divisions, and subsidiaries, and those in association with Defendant from infringing the claims of the Patents-in-Suit, or (ii) awards damages for future infringement in lieu of an injunction in an amount consistent with the fact that for future infringement the Defendants will be an adjudicated infringer of a valid patent, and trebles that amount in view of the fact that the future infringement will be willful as a matter of law; and,

    g.    award Plaintiff such other and further relief as this Court deems just and proper.

DATED: March 18, 2022                Respectfully submitted,

**Ramey LLP**

_____
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

*Attorneys for AML IP, LLC*

6